[Cite as *Spero v. Project Lighting, L.L.C.*, 2013-Ohio-1294.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| MITCHELL SPERO, TRUSTEE OF THE MANNY AND SYDELLE SPERO DYNASTY TRUST, et al., | : | **O P I N I O N** |
| | : | |
| Plaintiffs-Appellees, | : | **CASE NO. 2012-P-0031** |
| | : | |
| - vs - | : | |
| | : | |
| PROJECT LIGHTING, LLC, et al., | : | |
| | : | |
| Defendants-Appellants, | : | |
| | : | |
| MITCHELL SPERO, et al., | : | |
| | : | |
| Third Party Defendants-Appellees. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2008 CV 1749.

Judgment: Affirmed.


*Alan N. Hirth* and *Peter Turner*, Meyers, Roman, Friedberg & Lewis, 28601 Chagrin Boulevard, Suite 500, Cleveland, OH 44122; and *William D. Lentz*, Sandvoss & Lentz, 228 West Main Street, P.O. Box 248, Ravenna, OH 44266-0248 (For Plaintiffs-Appellees and Third Party Defendants-Appellees Mitchell Spero, Ezra Spero, and Greta Longwell-Albert).

*George J. Argie*, *Lou D'Amico*, and *Dominic J. Vitantonio*, Argie, D'Amico & Vitantonio, 6449 Wilson Mills Road, Mayfield Village, OH 44143-3402; and *Mitchell A. Stanley*, 14545 Shire Court, Russell, OH 44072 (For Defendants-Appellants).

*Dennis A. Rotman*, 1350 Standard Building, 1370 Ontario Street, Cleveland, OH 44113 (For Third Party Defendant-Appellee The Spero Electric Corporation).

*James D. Wilson*, 29225 Chagrin Boulevard, Suite 350, Cleveland, OH 44122 (For Third Party Defendant-Appellee Greenfield Commercial Credit LLC).

TIMOTHY P. CANNON, P.J.

{¶1} Appellants, Project Lighting, LLC; Prospetto Light, LLC; Prospetto Lighting, LLC; Project Light, LLC; Sam Avny; and Anthony J. DeAngelis, appeal numerous judgments of the trial court, including the trial court's granting of appellees' motion to enforce settlement agreement and the trial court's granting of Appellee Greenfield Commercial Credit, LLC's ("Greenfield") motion for summary judgment. This court must determine: (1) whether it was error for the trial court to find that the parties entered into a confidential settlement agreement which, in part, dismissed all pending claims between the parties except Greenfield; and (2) whether the trial court erred in granting Greenfield's motion for summary judgment. For the following reasons, we affirm the judgments of the trial court.

{¶2} This case stems from the dissolution of a joint venture agreement between Avny/Lighting Design, Inc. and Mitchell Spero, Manny Spero, and The Spero Electric Corporation. Avny, who has expertise and experience in making and producing high-end lighting projects, partnered with Spero, who provided the office, facilities, and production.

{¶3} The parties formed several limited liability companies which were owned 50% by Avny and 50% by the Spero trusts. Two of these entities are Project Lighting and Prospetto Lighting. Another entity, Project Light, is solely owned by Avny. The parties debated the ownership of the fourth entity, Prospetto Light.

**{¶4}** Prior to the filing of the lawsuit, a total lack of trust developed between the principals of the venture, as the parties did not act in good faith and their actions had been predicated on mistrust of the other.[1]

**{¶5}** On March 24, 2009, the trial court's magistrate appointed a receiver to immediately take possession of all assets, real and personal property, funds, documents, records, and business operations of Project Lighting, Prospetto Lighting, and Prospetto Light. The trial court found that "there are real questions as to which LLC or Corporation has what assets or liability and what inventory exists. There needs to be a true accounting of those assets and liabilities flowing from the joint venture into the various LLCs or Corporations."

**{¶6}** Numerous incidents resulted in show cause orders for contempt being filed against Project Light, Avny, and DeAngelis. The hearings were to begin on January 28, 2010. However, on that date, and after nearly four hours of negotiations, the parties represented to the trial court they had reached a confidential settlement agreement. The parties, along with counsel, the magistrate, and the receivers, signed a handwritten document, entitled "Terms of Settlement" (hereinafter referred to as the "Term Sheet"). On the record, the parties represented that an agreement had been reached with all of the parties except Greenfield.

**Settlement Agreement of January 28, 2010**

**{¶7}** As agreed in the Term Sheet, after the hearing on January 28, 2010, counsel for appellees formally drafted the settlement agreement. Appellants refused to execute the agreement.

---

1. In a prior appeal, this court affirmed the trial court's finding of contempt against Anthony DeAngelis and Sam Avny. *Spero v. Project Lighting, LLC*, 11th Dist. No. 2011-P-0002, 2011-Ohio-6521.

{¶8} On March 3, 2010, appellees filed a joint motion to enforce settlement reached in court on January 28, 2010. As a result of this motion, the trial court conducted a hearing on June 1, 2010. At this hearing, Receiver Daywalt testified that, after four hours of negotiations, the Term Sheet was prepared and signed by all parties and their respective counsel. Receiver Daywalt also signed the Term Sheet. In addition, Attorney Turner, Spero's attorney, testified regarding the terms that were incorporated into the agreement. There was no testimony presented by appellants.

{¶9} On June 21, 2010, the trial court entered its Order and Journal Entry granting appellees' motion to enforce. The trial court found that a settlement agreement was in existence. The court recognized that since the payment dates had expired, the first payment was to occur on or before July 7, 2010. Further, the court attached the Term Sheet to its order and held that the terms of the agreement are contained in such exhibit along with "the usual, customary and statutory language that would be included in a formal document." The trial court again ordered appellees' counsel to draft the formal agreement.

{¶10} On July 27, 2010, the trial court issued an order and journal entry regarding the draft of the settlement agreement. In its entry, the trial court noted that appellants objected to the language of the settlement agreement and requested the court to modify the installment payment schedule. The trial court modified the payment schedule and other portions of the settlement agreement. The trial court stated, "[appellants] are cautioned that regardless of their actions, the first installment payment is due on August 2, 2010, time is of the essence."

4

**{¶11}** On August 9, 2010, appellees filed a motion to require appellants to execute the confidential, sealed, and modified settlement agreement filed with the court. In a December 8, 2010 judgment entry, the trial court granted appellees' motion and ordered the parties to execute the agreement by noon on December 16, 2010.

**{¶12}** On December 17, 2010, the parties signed the final version of the confidential settlement agreement (the "Settlement Agreement"), which was filed under seal with the trial court. The parties also filed a stipulation of dismissal, with prejudice, pursuant to the terms of the Settlement Agreement. All claims asserted by and against Greenfield remained pending for adjudication.

**{¶13}** Also on December 17, 2010, the parties filed a consent judgment entry in favor of appellees against appellants in the amount of $1,000,000, "less all amounts paid pursuant to paragraph 2 of the Confidential Settlement Agreement executed by the parties."

**{¶14}** Appellants filed an appeal from this judgment; however, this court recognized that the trial court failed to include the requisite Civ.R. 54(B) language, and that appeal was dismissed.

### Motion for Summary Judgment

**{¶15}** On appeal, appellants also allege the trial court erred in granting Appellee Greenfield's motion for summary judgment.

**{¶16}** Greenfield, as the lender, and The Spero Electric Corporation, as the borrower, executed a loan and security agreement dated July 12, 2006. The Spero Electric Corporation defaulted on the loan terms. The loan and security agreement provided for a pledge of collateral from The Spero Electric Corporation to Greenfield

that included inventory and proceeds of inventory. Exercising this right, Greenfield sent customers of The Spero Electric Corporation secured creditor letters directing the payment of invoices to "Greenfield Commercial Credit, Assignee of Spero Electric Corporation." These letters include a line that reads: "Re: Spero Electric Corporation/ Prospetto Light ('Borrower')." The letter reads, in pertinent part:

{¶17} Greenfield Commercial Credit * * * and Borrower are parties to a security Agreement pursuant to which Borrower granted a security interest in, among other things, all of its accounts receivable * * * to secure payment of all present and future obligations of Borrower to Greenfield.

{¶18} Pursuant to Greenfield's rights under the Security Agreement and the Uniform Commercial Code, including without limitation Section 9-406 and 9-607, you are hereby directed to make payment on all Accounts now or hereafter due by you to Borrower, directly to Greenfield * * *. From this date forward, do not make payment on any Account directly to Borrower. You may only discharge your obligation on such Account by paying Greenfield. This letter shall remain in effect until revoked in writing by Greenfield.

{¶19} These secured creditor letters are the basis upon which appellants brought a third-party complaint alleging Greenfield wrongly collected accounts receivable that were actually payable to one or more of appellants. Appellants' claims against Greenfield include tortious interference with contract, conversion, and fraud.

{¶20} Greenfield filed a motion for summary judgment, and appellants filed a response. In a judgment dated March 10, 2011, the trial court granted Greenfield's motion for summary judgment.

{¶21} Appellants filed the instant appeal and, as their first assignment of error, state:

{¶22} "The trial court erred in granting Plaintiffs-Appellees' motion to enforce settlement agreement where the parties had not reached agreement on all material terms, where the trial court added terms not contemplated or agreed upon by the parties, and where the trial court published terms of an agreement intended by all parties to remain confidential."

{¶23} On appeal, appellants maintain the parties executed a Term Sheet, which set forth an outline from which to prepare a more definite agreement. This Term Sheet, appellants maintain, was signed by the parties and indicated that a definitive settlement agreement was to be executed no later than February 15, 2010. Therefore, appellants argue the Term Sheet was merely an agreement to make an agreement—not a final contract subject to enforcement.

{¶24} A settlement agreement is a particularized form of a contract. *Noroski v. Fallet*, 2 Ohio St.3d 77, 79 (1982). It is a "contract designed to terminate a claim by preventing or ending litigation, and * * * such agreements are valid and enforceable by either party." *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502 (1995). If a contract encompasses the essential terms of the agreement, it is binding and enforceable. *Mr. Mark Corp. v. Rush, Inc.*, 11 Ohio App.3d 167, 169 (8th Dist.1983).

7

{¶25} Appellants cite *Rulli v. Fan Co.*, 79 Ohio St.3d 374 (1997) to support their argument that the parties do not have a valid contract even though the Term Sheet of January 28, 2010, appears reasonably clear. The Ohio Supreme Court in *Rulli* answered whether the trial court erred "by ordering the enforcement of a disputed settlement agreement *without first conducting an evidentiary hearing.*" (Emphasis added.) *Id.* at 376. The *Rulli* Court stated, "[w]here the meaning of terms of a settlement agreement is disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial court *must conduct an evidentiary hearing prior to entering judgment.*" (Emphasis added.) *Id.*

{¶26} The Ohio Supreme Court has stated that the issue of "whether the parties intended to be bound * * * is a question of fact properly resolved by the trier of fact." *Oglebay Norton Co. v. Armco, Inc.*, 52 Ohio St.3d 232, 235 (1990); *Normandy Place Assoc. v. Beyer*, 2 Ohio St.3d 102, 105 (1982).

{¶27} At the end of the hearing on January 28, 2010, the parties announced in open court that they had reached a confidential settlement agreement. The parties, when asked if they had agreed to the terms and conditions of the settlement, answered in the affirmative. The Term Sheet was executed by the parties, attorneys, and the receivers.

{¶28} After a dispute arose, the trial court did indeed conduct an evidentiary hearing on June 1, 2010. Testimony was presented by the receiver and counsel for Spero. There was no testimony presented by appellants. As a result of that hearing, the trial court found a settlement agreement existed between the parties. The trial court additionally found that "the dispute between the parties is over additional terms that

were *not* part of the original agreement." (Emphasis added.) After conducting the hearing, the trial court ordered the Settlement Agreement to reflect *solely* the handwritten terms of the Term Sheet, which was agreed upon by the parties on January 28, 2010.

{¶29} Further, the only addition to the Settlement Agreement, as ordered by the trial court, was the "usual, customary and statutory language that would be included in a formal document." Appellants argue, without citing to any authority, that this addition by the trial court was error as it hindered the parties' efforts to draft and execute a written agreement. We find the record reflects otherwise, as the trial court actually ordered additional revisions to the Term Sheet upon the request of appellants.

{¶30} Appellants also argue that if the Term Sheet had contained all of the essential terms of settlement, there would have been no need to enter into a more definitive settlement agreement, as provided in the January 28, 2010 agreement. In *Hopes v. Barry*, 11th Dist. No. 2010-A-0042, 2011-Ohio-6688, this court recognized that parties may enter into a contract even if their agreement contemplates further action toward formalization. As in *Hopes*, the subsequent action was merely to memorialize the Term Sheet into a formal settlement agreement. *Id.* at ¶42.

{¶31} Appellants also argue that by attaching the Term Sheet as an exhibit to the June 21, 2010 journal entry and order, the trial court voided the terms of the confidential Settlement Agreement. Appellants, however, have not cited any authority for this proposition of law. Moreover, appellants did not make an effort to strike or withdraw the Term Sheet at the court below.

9

{¶32} Appellants potentially enjoyed a substantial benefit by entering into the agreement on January 28, 2010, as they were about to defend a request to have them found in contempt. Appellants represented to the trial court they had agreed to a settlement, eliminating the need for the contempt hearing. At the evidentiary hearing conducted by the trial court on June 1, 2010, appellants did not present any evidence of any omitted material term contemplated by the parties. The trial court did not abuse its discretion in finding that an enforceable settlement agreement had been reached, as there is ample evidence in the record to support such a finding.

{¶33} Based on the foregoing, we find appellants' first assignment of error without merit.

{¶34} As their second assignment of error, appellants' allege:

{¶35} "The trial court erred in granting judgment in favor of Plaintiffs-Appellees based upon breach of a settlement agreement that was not yet final, and for which the time for appeal has not yet run."

{¶36} Under this assigned error, appellants argue this matter was not final until March 10, 2011, when the trial court granted Greenfield's motion for summary judgment, thereby disposing of all claims involving all parties. Appellants assert that it was error for the trial court to expect appellants to pay on the settlement agreement prior to the case being final and prior to the time for appeal. Appellants argue that on December 17, 2010, the trial court entered judgment against them in the amount of $1,000,000, which is a "penalty provision for their failure to abide by the payment terms" expressed in the January 28, 2010 Term Sheet.

{¶37} To support this argument, appellants cite to *Girard v. Leatherworks Partnership*, 11th Dist. No. 2001-T-0138, 2002-Ohio-7276, and *Cuyahoga Metro. Hous. Auth. v. Jackson*, 67 Ohio St.2d 129 (1981). In *Leatherworks*, this court held that an appellate court does not have jurisdiction to determine an appeal when the trial court has failed to include Civ.R. 54(B) language. *Id.* at ¶31. In *Jackson*, the Ohio Supreme Court held that Civ.R. 54(B) is inapplicable in forcible and detainer proceedings due to the summary nature of those proceedings and the nature of the relief sought. *Id.* at 131-132. "[T]he drafters of the Rules of Civil Procedure were careful to avoid encrusting this special remedy with time consuming procedure tending to destroy its efficacy." *Id.* at 131.

{¶38} Appellants' assertion that the Settlement Agreement was not final and appealable, and thus not enforceable by the trial court, is without merit. None of the cases cited to by appellants stand for the proposition that a party to a settlement agreement is obviated from its obligation to pay a sum certain based on the terms of such agreement. Appellants' obligation to pay by a date certain was founded initially by the terms and obligations of the parties' Settlement Agreement; appellants agreed to these certain conditions. The trial court's role in finding the obligation enforceable *did not* create this obligation. In addition, appellants fail to address the fact that on December 17, 2010, they subsequently consented to a judgment for $1,000,000, "less all amounts paid pursuant to paragraph 2 of the Confidential Settlement Agreement executed by the parties[.]" Avny and DeAngelis signed the consent agreement individually; Avny also signed as president of, inter alia, Project Light, Prospetto Light, Project Lighting, and Prospetto Lighting.

11

{¶39} Further, on December 17, 2012, the parties, with the exception of Greenfield, stipulated to the following:

{¶40} [A]ll claims, counterclaims, and third-party claims between and amongst said parties are dismissed, with prejudice, pursuant to the terms of the Settlement Agreement with the further stipulation that the Court shall retain jurisdiction, if necessary, to enforce the terms of the Settlement Agreement and/or to reopen the case for the submission and entry of a Consent Judgment Entry.

{¶41} We recognize that trial courts have inherent power to both issue orders and enforce their orders. "Trial courts have power to issue orders pursuant to the Rules of Civil * * * Procedure. Generally interlocutory in nature, these orders are necessary to ensure that litigation progresses toward final resolution. Were [appellants'] reasoning correct, no trial court could ever enforce an order during the course of the proceedings." *McCord v. McCord*, 10th Dist. Nos. 06AP-102 & 06AP-684, 2007-Ohio-164, ¶12.

{¶42} Appellants' second assignment of error is without merit.

{¶43} Appellants' third assignment of error maintains:

{¶44} "The trial court erred in granting Third-Party Defendant-Appellee Greenfield Commercial Credit, LLC's motion for summary judgment where genuine issues of material fact remained to be determined at trial."

{¶45} Pursuant to Civil Rule 56(C), summary judgment is proper if:

{¶46} (1) No genuine issue as to any material fact remains to be litigated;

(2) the moving party is entitled to judgment as a matter of law; and

(3) it appears from the evidence that reasonable minds can come to

12

but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

**{¶47}** To prevail on a motion for summary judgment, the moving party has the initial burden to affirmatively demonstrate that there is no genuine issue of material fact to be resolved in the case, relying on evidence in the record pursuant to Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If this initial burden is met, the nonmoving party then bears the reciprocal burden to set forth specific facts which prove there remains a genuine issue to be litigated, pursuant to Civ.R. 56(E). *Id.*

**{¶48}** An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Thus, the court of appeals applies "the same standard as the trial court, viewing the facts in the case in a light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

**{¶49}** Appellants asserted three causes of action against Greenfield: tortious interference with a contract, conversion, and fraud.

**{¶50}** "The elements of the tort of tortious interference with contract are (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) lack of justification, and (5) resulting damages." *Fred Siegel Co., L.P.A. v. Arter & Hadden*, 85 Ohio St.3d 171 (1999), paragraph one of the syllabus.

{¶51} In order to meet the first element of tortious interference with a contract, a contract must exist between appellants and the customers who received the secured party letters from Greenfield. However, in their response to Greenfield's motion for summary judgment, appellants failed to meet their reciprocal burden as they did not provide any evidence to establish the existence of a contractual relationship with customers to whom secured creditor letters were directed by Greenfield.

{¶52} Appellants' second cause of action, conversion, is defined as the "'wrongful exercise of dominion over property in exclusion of the right of the owner, or withholding it from his possession under a claim inconsistent with his rights.'" *Northway McGuffey College, Ltd. v. Brienza*, 7th Dist. No. 07 MA 145, 2008-Ohio-6207, ¶35, quoting *Daniel E. Terreri & Sons, Inc. v. Mahoning Cty. Bd. of Commrs.*, 153 Ohio App.3d 95, 2003-Ohio-1227 (7th Dist.).

{¶53} Here, appellants did not meet their reciprocal burden in demonstrating the existence of a genuine issue of material fact. Greenfield demonstrated that it was a secured creditor; the inventory products at issue were secured with UCC Financing Statements on file with the Ohio Secretary of State. Further, DeAngelis admitted that the products purchased by Spero were recorded within the general inventory records of The Spero Electric Corporation, and the various bank accounts of The Spero Electric Corporation paid for such products.

{¶54} Appellants' third cause of action, fraud, has various elements: (1) a representation (or concealment of a fact when there is a duty to disclose) (2) that is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge

14

may be inferred, and (4) with intent to mislead another into relying upon it, (5) justifiable reliance, and (6) resulting injury proximately caused by the reliance. *Burr v. Stark Cty. Bd. of Commrs.*, 23 Ohio St.3d 69, 73 (1986).

{¶55} Greenfield, in its motion for summary judgment, attached numerous exhibits pursuant to Civ.R. 56(C). As stated in the affidavit of Bryan Kreger, an employee of Greenfield, The Spero Electric Corporation informed Greenfield, pursuant to their security agreement, which customers owed a balance. The Spero Electric Corporation also registered the trade name Spero with the Ohio Secretary of State. Further, The Spero Electric Corporation produced numerous documents with the names "Prospetto" and "Prospetto Lighting." The Spero Electric Corporation also made numerous references to the "Prospetto" line in documents submitted to Greenfield, including balance sheets, and business plans. Appellants did not produce any evidence to demonstrate there remains a genuine issue of material fact as to the count of fraud; we will not rely on appellants' conclusory statements. *See Niermeyer v. Cook's Termite & Pest Control, Inc.*, 10th Dist. No. 05AP-21, 2006-Ohio-640, ¶34 ("legal conclusions or opinions without setting forth supporting facts are insufficient to meet the requirements of Civ.R. 56(E)").

{¶56} Appellants' third assignment of error is without merit.

{¶57} The judgment of the Portage County Court of Common Pleas is hereby affirmed.

DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.

15