[Cite as *Spero v. Project Lighting, L.L.C.*, 2016-Ohio-1363.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO


| | | |
|---|---|---|
| MITCHELL SPERO, TRUSTEE OF THE MANNY AND SYDELLE SPERO DYNASTY TRUST, et al., | : | **O P I N I O N** |
| | : | |
| | | **CASE NO. 2015-P-0027** |
| Plaintiffs-Appellees, | : | |
| | | |
| - vs - | : | |
| | | |
| PROJECT LIGHTING, LLC, et al., | : | |
| | | |
| Defendants-Appellants, | : | |
| | | |
| MITCHELL SPERO, et al., | : | |
| | | |
| Third Party Defendants-Appellees. | : | |


Civil Appeal from the Portage County Court of Common Pleas.
Case No. 2008 CV 1749.

Judgment: Affirmed.


*Alan N. Hirth* and *Peter Turner*, Meyers, Roman, Friedberg & Lewis, 28601 Chagrin Boulevard, Suite 500, Cleveland, OH 44122 (For Plaintiffs-Appellees and Third Party Defendants-Appellees).

*Thomas C. Loepp*, 1865 Arndale Road, Suite B, Stow, OH 44224 (For Defendants-Appellants).


TIMOTHY P. CANNON, J.

{¶1}     Appellants Project Lighting, LLC; Prospetto Light, LLC; Prospetto Lighting, LLC; Project Light, LLC; LDI, Inc.; and Sam Avny appeal the trial court judgment

awarding attorney fees and costs in the amount of $240,039.51 against appellants, jointly and severally. Based on the following, we affirm.

{¶2} This case stems from the dissolution of a joint venture agreement.[1] Appellees Mitchell Spero, Trustee of the Manny and Sydelle Spero Dynasty Trust; Sydelle D. Spero, Trustee of the Manny Spero Trust fbo Mitchell I. Spero; and Manny Spero, Trustee of the Manny Spero Trust, commenced the underlying action on October 28, 2008. After years of litigation, the parties entered into a Settlement Agreement.

{¶3} On December 17, 2010, the parties signed the final version of the confidential settlement agreement, which was filed under seal with the trial court.[2] The parties also filed a stipulation of dismissal, with prejudice, pursuant to the terms of the Settlement Agreement.

{¶4} Also on December 17, 2010, the parties filed a Consent Judgment Entry in favor of appellees against appellants, jointly and severally, in the amount of $1,000,000, "[t]ogether with Plaintiffs' costs of execution hereon including but not limited to Court costs and reasonable Attorney's fees, whether incurred in any Court in Ohio or any other Court in the world, plus statutory interest from the date of entry of this judgment until judgment is paid in full."

{¶5} The Consent Judgment Entry further stated:

> Payors expressly agree that in the event of default on payment due pursuant to Paragraph 2 above, they shall be liable to the Trusts for the amount of the Consent Entry Judgment, less any amounts paid pursuant to Paragraph 2 of the date of entry, plus all costs and Attorney's fees incurred or to be incurred by Plaintiffs in executing/collecting or attempting to execute/collect on the Consent Judgment Entry.

---

1. For a factual recitation, please refer to *Spero v. Project Lighting, LLC*, 11th Dist. Portage No. 2012-P-0031, 2013-Ohio-1294.
2. All claims against then-defendant Anthony DeAngelis have been settled and dismissed.

{¶6} The record demonstrates that appellants paid the balance of the $1,000,000 judgment, less collection of attorney fees and costs, on April 5, 2013. In October 2013, appellees filed a "motion for attorney fees and costs against defendants and request for hearing" related to attorney fees and costs incurred during the collection on the December 17, 2010 Consent Judgment Entry.

{¶7} A hearing was held before the magistrate. At the hearing, appellees presented the testimony of Attorney Alan Hirth, of the law firm Meyers, Roman, Friedberg & Lewis ("MRFL"), and appellees' expert witness, Attorney John Flynn, of the law firm Flynn, Keith and Flynn.

{¶8} Attorney Hirth testified to the efforts of appellants, to thwart collection efforts, including creating new entities and transferring cash and inventory. Attorney Hirth noted that because of appellants' actions, significant effort was put forth to collect the underlying judgment, to wit: attach personal property, assert judgment liens, seek foreclosure actions in Ohio and Pennsylvania, pursue charging orders, engage in debtors' exams, and depose parties.

{¶9} Attorney Hirth testified that in June 2012, appellees learned that Appellant Sam Avny's wife, Martha, formed a Florida corporation known as "Project Light, Inc." and transferred assets to this corporation. As a result, appellees filed a fraudulent transfer/successor liability complaint in June 2012 in the Summit County Court of Common Pleas. At the time of filing, Attorney Hirth asserted an excess of $750,000 remained to be collected on the $1,000,000 judgment.

{¶10} While the Summit County case was pending, the balance due pursuant to the December 17, 2010 Consent Judgment Entry, exclusive of collection costs, was

3

satisfied on April 5, 2013. Attorney Hirth testified that appellees had incurred $287,000 in attorney fees and fees associated with their collection efforts.

{¶11} After appellants paid the balance of the $1,000,000, however, appellees continued to pursue the Summit County case. Attorney Hirth calculated that $77,385, which included fees and $9,500 in expenses, were incurred by appellees after April 5, 2013, solely in pursuit of the claims in the Summit County case.

{¶12} Appellees submitted Exhibit 1, invoices relating to the collection efforts, and Exhibit 2, invoices relating to the preparation and attendance of the May 19, 2014 evidentiary hearing. These exhibits reflected the following fees incurred by appellees: attorney fees and expenses from December 17, 2010 to March 31, 2013 of $218,215.46; attorney fees and expenses stemming from the fraudulent transfer case in Summit County of $128,592.95; expert witness fees paid to Attorney John Flynn of $10,000; and attorney fees and expenses in preparation of the evidentiary hearing of $16,353.94.

{¶13} Attorney Flynn, appellees' expert witness, testified he has practiced law for 39 years. Attorney Flynn testified to his review of numerous pleadings and examination of the time records provided by MRFL. Attorney Flynn identified and authenticated his December 16, 2013 initial report, concerning his review of the fees incurred by appellees from December 17, 2010 to April 5, 2013, which was admitted into evidence. In the December 16, 2013 correspondence, Attorney Flynn noted that he reviewed: "motions; garnishments; bank attachments; foreclosures; subpoenas; common pleas and appellate briefs; replevin filings; forcible entry filings; certificates of judgment; writs of execution; receivership filings; charging orders; attachment of trust

4

funds; bankruptcy; and objections." It further stated his review included: "federal filings, IRS issues; contempt filings; pretrial statements; tax audit issues motion for reconsideration; FBI issues; jail sentence issues; perjury issues; fraudulent transfers; and coordination of collection efforts in Florida and Pennsylvania." Attorney Flynn opined the attorney fees sought to be recovered by appellees were necessary, and the fees charged were reasonable based on his knowledge of fees from other law firms in the Northern Ohio area.

{¶14} Appellants argued the attorney fees and costs initially submitted by appellees were to be reduced by $166,890.65, as the costs sought were not incurred pursuant to the Consent Judgment Entry of December 17, 2010.

{¶15} In his decision, the magistrate recognized the $1,000,000 judgment, less the collection of attorney fees and costs, was satisfied on April 5, 2013. Thus, the magistrate determined the collection period for attorney fees and costs, pursuant to the Consent Judgment Entry, began December 27, 2010 and terminated on April 5, 2013 *and* included any preparation for the motion filed to collect attorney fees.

{¶16} The magistrate entered judgment in favor of appellees and against appellants jointly and severally, in the amount of $240,039.51 as of May 19, 2014, the date of the evidentiary hearing.

{¶17} The magistrate did not award fees incurred for the action in Summit County subsequent to April 6, 2013, finding they were not within the scope of the December 17, 2010 Consent Judgment Entry. Further, the fees sought from January 1, 2011 through March 31, 2013, which included references to bankruptcy and IRS audits, totaling $6,010.95, were not reasonable and necessary for collecting the underlying

5

judgment and, thus, were not recoverable. The magistrate concluded $240,039.51 was "the fair, just, reasonable and necessary attorney fees and (expenses) costs for collection of the judgment." This amount represented the following: (1) attorney fees and costs incurred from January 1, 2011 through March 31, 2013 of $212,204.51; (2) attorney fees and costs incurred April 1, 2013 through April 5, 2013 of $3,835.00; (3) attorney fees of $16,000 as preparation for the May 19, 2014 hearing; and (4) expert witness fees in the amount of $8,000.

{¶18} Appellants filed objections to the magistrate's decision, which were denied by the trial court. The trial court adopted the magistrate's decision. The trial court stayed execution on the judgment conditioned upon the posting of a $400,000 bond. This court granted appellants' motion to lower the trial court's supersedeas bond and ordered a supersedeas bond in the amount of $300,000.

{¶19} Appellants appealed and as their sole assignment of error, allege:

{¶20} "The trial court abused its discretion in awarding legal fee and costs not in accordance with the December 17, 2010 consent entry."

{¶21} "Ohio has long adhered to the 'American Rule' with respect to recovery of attorney fees: a prevailing party in a civil action may not recover attorney fees as a part of the costs of litigation." *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, ¶7. Exceptions to the rule allow for recovery "when * * * an enforceable contract specifically provides for the losing party to pay the prevailing party's attorney fees[.]" *Id.* Agreements to pay another's attorney fees are generally "'enforceable and not void as against public policy so long as the fees awarded are fair, just and reasonable as determined by the trial court upon full consideration of all of the circumstances of the

6

case.'" *Id.* at ¶8, quoting *Nottingdale Homeowner's Assn. v. Darby*, 33 Ohio St.3d (1987), syllabus.

**{¶22}** We review the trial court's award of attorney fees under an abuse of discretion standard and recognize that the trial court is in the better position to consider the reasonableness of a fee award. *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 146 (1991). "[T]he court should consider evidence such as the time and labor necessary for the service requested, the customary fees in the locality for similar services, the results obtained, and the experience, reputation and ability of the attorney." *Whitaker v. Kear*, 123 Ohio App.3d 413, 424 (4th Dist.1997).

**{¶23}** Here, the parties do not dispute that appellees' legal fees and expenses pursuant to the December 17, 2010 Consent Judgment Entry are recoverable, but disagree as to the amount and relevant time period.

**{¶24}** Below, and on appeal, appellants have maintained that appellees' recovery of attorney fees and expenses was limited from December 17, 2010, until the remaining balance of the $1,000,000 was paid on April 5, 2013. The trial court limited appellees' recovery of attorney fees and costs from January 1, 2011, to April 5, 2013, as well as any preparation for the motion filed to collect attorney fees. Appellants did file supplemental objections to the magistrate's decision arguing the cut-off date for attorney fees and costs should be set at November 14, 2012, i.e. when the balance of the $1,000,000 was put into escrow. The dates were not a matter contested at the time the case was submitted to the magistrate. By failing to raise this issue prior to the magistrate's ruling, appellant essentially forfeited any subsequent objection to this point. In fact, in appellants' post-hearing brief, they asserted the proper time period for the

7

award of attorney fees was December 17, 2010, to April 5, 2013.  We cannot say the trial court abused its discretion in limiting the award of attorney fees from January 1, 2011 to April 5, 2013.

{¶25}  Additionally, although appellants present this court with seven arguments as to why the trial court erred in assessing attorney fees and costs at $240,039.51, many of the arguments advanced by appellants were favorably considered in the trial court's judgment.  For example, consistent with appellants' arguments on appeal, the trial court did not award fees associated with the Summit County lawsuit subsequent to April 5, 2013, and it did not award fees for Internal Revenue Service matters or the bankruptcy filings.

{¶26}  On appeal, appellants argue that appellees cannot recover any monies beyond the underlying judgment.  The parties entered into a Consent Judgment Entry which expressly permitted the recovery of "all costs and Attorney's fees incurred or to be incurred by Plaintiffs in executing/collecting or attempting to execute/collect on the Consent Judgment Entry."  While the $1,000,000 was paid on April 5, 2013, appellants had not yet paid the entire amount of the judgment, which included the attorney fees and costs incurred by appellees in attempting to collect on the Consent Judgment Entry.  These costs are recoverable via the express terms of the Consent Judgment Entry.

{¶27}  Appellants also argue the expert witness fees of Attorney Flynn, in the amount of $8,000, are not recoverable.  We disagree.  An attorney seeking to establish the reasonableness of attorney fees carries the burden of proof.  *Whitaker*, *supra*, at 424.  "[M]erely submitting an attorney's itemized bill is insufficient to establish the reasonableness of the amount of work billed."  *United Assn. of Journeyman &*

8

*Apprentices of the Plumbing & Pipe Fitting Indus., Local Union No. 776 v. Jack's Heating, Air Conditioning & Plumbing, Inc.*, 3d Dist. Hardin No. 6-12-06, 2013-Ohio-144, ¶24. "Often, parties offer expert testimony to establish that the hours charged was reasonable in light of the litigation's particular facts." *Id.*

**{¶28}** At the evidentiary hearing, appellees presented expert witness testimony to the reasonableness of fees and services performed by MRFL in the post-judgment proceedings. Attorney Flynn repeatedly opined the services of MRFL were justifiably related and necessary to the post-judgment proceedings, and the hourly rates charged were reasonable in light of the customary hourly rate charged by attorneys engaged in similar experiences in northeast Ohio.

**{¶29}** Attorney Flynn testified his fee was $8,000, and the magistrate and trial court found $8,000 to be a "fair, just, necessary and reasonable expense of collection pursuant to the Order." We find no abuse of discretion in awarding Attorney Flynn's expert witness fee in the amount of $8,000.

**{¶30}** Further, the attorney fees incurred in preparation for the May 19, 2014 hearing upon the "motion for attorneys fees and expenses" are also recoverable under the Consent Judgment Entry. At the hearing, Attorney Hirth testified and estimated his fees in preparation of the hearing to be $16,000; he later submitted an affidavit to his closing argument brief documenting his fees at $16,353.94. The trial court did not abuse its discretion in finding the reasonable and necessary fees in preparation and presentation of the motion to be $16,000.

**{¶31}** Appellants further maintain the trial court erred in its inclusion of $373.25, the invoice of Attorney Lentz, who provided assistance as appellees' co-counsel. This

amount of $373.25 was properly awarded; Attorney Hirth testified that Attorney Lentz served as co-counsel during the post-judgment proceedings. The trial court, in its judgment, found Attorney Lentz's invoice to be a fair, just, necessary and reasonable fee.

{¶32} In sum, we determine the trial court did not abuse its discretion in entering judgment in the amount of $240,039.51 for attorney fees and costs against appellants, jointly and severally.

{¶33} Appellants' assignment of error is without merit.

{¶34} The judgment of the Portage County Court of Common Pleas is hereby affirmed.


THOMAS R. WRIGHT, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only.